B104 (Form 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NO. |
|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Telge Peiris and Ramya Peiris | Ocwen Loan Servicing, LLC, d/b/a City National Bank |

| ATTORNEY(S) (Firm Name, Address, Telephone No.) | ATTORNEY(S) (If Known) |
|---|---|
| Law Offices of Gus Michael Farinella, PC<br>147 West 35th Street<br>Suite 1008<br>New York, NY 10001<br>212-675-6161 | Michael T. Rozea, Esq.<br>Leopold & Associates, PLLC<br>80 Business Park Drive, Suite 110<br>Armonk, NY 10504 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| [✓] Debtor  [ ] U.S. Trustee<br>[ ] Creditor  [ ] Trustee  [ ] Other | [ ] Debtor  [ ] U.S. Trustee<br>[✓] Creditor  [ ] Trustee  [ ] Other |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

Reclassify Second Mortgage Loan from Secured to Unsecured (Cramdown)

## NATURE OF SUIT

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11 – Recovery of money/property - § 542 turnover of property
[ ] 12 – Recovery of money/property - § 547 preference
[ ] 13 – Recovery of money/property - § 548 fraudulent transfer
[ ] 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[✓] 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
[ ] 62 – Dischargeability - § 523(a)(2), false pretenses, false representation,
       actual fraud
[ ] 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement,
       larceny
     **(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61 – Dischargeability - § 523(a)(5), domestic support
[ ] 68 – Dischargeability - § 523(a)(6), willful and malicious injury
[ ] 63 – Dischargeability - § 523(a)(8), student loan
[ ] 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation
       (other than domestic support)
[ ] 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71 – Injunctive relief – imposition of stay
[ ] 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
[ ] 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
[ ] 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
[ ] 01 – Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
[ ] 02 – Other (e.g.,other actions that would have been brought in state court
       if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law    [ ] Check if this is asserted to be a class action under FRCP 23

[ ] Check if a jury trial is demanded in complaint    Demand: $

Other Relief Sought:

B104 (Form 104) (08/07), Page 2

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
|---|---|---|
| Telge Peiris and Ramya Peiris | 14-40955 | |
| **DISTRICT IN WHICH CASE IS PENDING** | **DIVISION OFFICE** | **NAME OF JUDGE** |
| Eastern District of New York | Brooklyn | Lord |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |
| **DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING** | **DIVISION OFFICE** | **NAME OF JUDGE** |
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| /s/ Gus Michael Farinella | |
| **DATE** | |
| April 28, 2014 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X

IN RE:

       Telge Peiris and Ramya Peiris

                 Debtors.
------------------------------------------------------- X

Telge Peiris and Ramya Peiris

              Plaintiffs,

     -against-

Ocwen Loan Servicing, LLC, d/b/a City National Bank

              Defendant.
------------------------------------------------------- X

CHAPTER 13

Case No: 14-40955

Adversary Pro. No.

COMPLAINT

Adv. No.

Case Assigned to:

Hon. Nancy H. Lord

Plaintiffs Telge Peiris and Ramya Peiris, the Debtors herein, by their Attorneys, the Law Offices of Gus Michael Farinella, PC as and for their Complaint against Ocwen Loan Servicing, LLC, d/b/a City National Bank respectfully allege as follows:

## JURISDICTION and VENUE

1.  This is an action under 11. U.S.C. Sections 506(a) and 506(d) and Federal Rules of Bankruptcy Procedure Rules 3012, 6009, and 7001 et seq. determining the extent to which the claim of Ocwen Loan Servicing, LLC, d/b/a City National Bank ("Ocwen") is secured and unsecured

with regard to the Second Mortgage they hold on the Debtors' real property, and relegating such creditor to the status of an unsecured creditor as any such claim for the Second Mortgage is a wholly unsecured claim.

2.  This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. Sections 151, 157, and 1334.

3.  This Court has venue pursuant to 28. U.S.C. §1409(a) insofar as the Debtor filed a petition for relief under Chapter 13 in this District on March 4, 2014.

4.  Each of the causes of action in this proceeding is a "core proceedings" within the meaning of 28 U.S.C §157(b)(2).

## PARTIES TO THIS ACTION

5.  Plaintiffs, Telge Peiris and Ramya Peiris, a legally married couple, reside at 399 Walker Street Staten Island, NY 10303. They filed a joint voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 4, 2014.

6.  Defendant, Ocwen, is a limited liability company, with its principal business offices located at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

7.  Upon information and belief, the basis of which is information provided by the Debtors' credit report, monthly billings statements from Ocwen and the Defendant, Ocwen's website, Ocwen has the following addresses:

    According to the Ocwen's website Ocwen has an address of:

    Ocwen Loan Servicing, LLC
    1661 Worthington Road, Suite 100
    West Palm Beach, Florida 33409

    According to the Monthly billing statement Ocwen has a correspondence address of

Ocwen Loan Servicing, LLC
PO Box 24738
West Palm Beach, FL 33416-4738

## **BACKGROUND**

8. The Debtors own a parcel of real property known as 399 Walker Street Staten Island, NY 10303. The value of the property is $477,000.00. (Annexed hereto and made a part hereof as "**Exhibit A**" is a copy of a Formal Appraisal of the Debtors' real property prepared by Ash Sarin of Homeland Appraisals Inc. dated February 2, 2014 stating a value of $477,000.00)

9. Ocwen holds a first mortgage on the real property located at 399 Walker Street Staten Island, NY 10303. The First mortgage has an account number of 7192289770.

10. Upon information and belief Ocwen, is owed approximately $486,846.56 on the first mortgage. (Annexed hereto and made a part hereof as "**Exhibit B**" is a copy of the March 2014 monthly billing statement from Ocwen. showing a principal balance owing of $486,846.56 consisting of $389,793.61 in Principal balance and $97,052.95 in Deferred principal balance.)

11. Ocwen holds a Second Mortgage on the real property located at 1399 Walker Street Staten Island, NY 10303. The second mortgage has an account number of 7192289788. Upon information and belief Ocwen is owed approximately $111,061.00 on the second mortgage.

## **FIRST CAUSE OF ACTION**

12. Plaintiffs repeat and re-allege each and every allegation in Paragraphs 1 through 12 as if set forth fully herein.

13. The total amount due on the First Mortgage is $486,846.56. The value of the real property located at 399 Walker Street Staten Island, NY 10303 is $477,000.00. There is no equity in the Debtors' residence past the First Mortgage to secure the Second Mortgage held by Ocwen.

14. The Second Mortgage held by Ocwen has a secured claim pursuant to 11 U.S.C. § 506(a) only to the extent of the value of its collateral, and an unsecured claim for the balance. There is no equity in the subject real property past the First Mortgage also held by Ocwen, and therefore it is submitted that Ocwen's claim for the Second Mortgage it holds on the subject property is entirely unsecured pursuant to 11 U.S.C. §1322(b)(1) and not subject to the anti-modification clause of Section 1322(b)(2).

## SECOND CAUSE OF ACTION

15. Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through 15 as if set forth fully herein.

16. Pursuant to 11 U.S.C. §506(d) to the extent a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void.

17. As Ocwen's claim for the Second Mortgage on the Debtors' real property must be determined to be wholly unsecured, the lien related to such claim must be avoided in total.


WHEREFORE, it is respectfully requested that an Order of this Court issue.


(a). Determining the extent to which the claim of Ocwen Loan Servicing, LLC is secured or unsecured with regards to the Second Mortgage it holds on the Debtors' real property located at 399 Walker Street Staten Island, NY 10303.

(b). Relegating Ocwen Loan Servicing, LLC to the status of an unsecured creditor to the extent the claim for the Second Mortgage is not an allowed secured claim;

(c) Voiding the Second Mortgage lien held by Ocwen Loan Servicing, LLC;

(d). Directing the Trustee that any timely filed proof of claim by Ocwen Loan Servicing, LLC for the Second Mortgage lien be treated as an unsecured claim under the plan; and for such other relief as is just and appropriate.

Dated: New York, New York
      April 28, 2014

           /s/ Gus Farinella
           _____

           Gus Farinella
           147 West 35th Street
           Suite 1008
           New York, NY 10001