Gus Michael Farinella, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike
Suite 100
Floral Park, NY 11001
Tel: 516-326-2333
Attorney for Plaintiffs, Telge Peiris and Ramya Peiris

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------- X         CHAPTER 13
IN RE:

                                                                                                     Case No: 14-40955

     Telge Peiris and Ramya Peiris

                                                                                                   Adversary Pro. No. 14-01063-nhl

                             Debtors.
--------------------------------------------------------- X

Telge Peiris and Ramya Peiris

                                                                                                     Adv. No. 14-01063-nhl

               Plaintiffs,

                                                                                                      Case Assigned to:

                                                                                                     Hon. Nancy H. Lord

     -against-


Ocwen Loan Servicing, LLC, d/b/a City National Bank

               Defendant.
--------------------------------------------------------- X

                            PLAINTIFF'S RESPONDING BRIEF
              <u>OPPOSING DEFENDANT'S MOTION FOR DISMISSAL</u>

## PROCEDURAL HISTORY

Plaintiffs, Telge Peiris and Ramya Peiris, filed the Complaint on April 28, 2014. [CM/ECF#1]. On August 13, 2014 Defendant, Ocwen Loan Servicing, LLC d/b/a City National Bank ("Ocwen") filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), 12(c) or in the alternative for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. [Dkt9]. Plaintiff now opposes Ocwen Loan Servicing, LLC d/b/a City National Bank's dismissal motion.

## I. INTRODUCTION

Plaintiffs brought this adversary proceeding in order to avoid the wholly unsecured junior mortgage lien held by Ocwen and treat the underlying claim as unsecured in a Chapter 13 plan. It is well settled in the Second Circuit that a Chapter 13 debtor may avoid a wholly unsecured junior mortgage lien and treat the underlying claim as unsecured in a Chapter 13 plan. See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122, 127 (2d Cir. 2001). Plaintiffs allege in the Complaint that the value of the real property in question is 477,000.00 and the first mortgage lien, also held by Ocwen, is $486,846.56. Therefore applying the Second Circuit's reasoning to this case, the Plaintiff's complaint states a claim upon which relief can be granted because the complaint correctly asserts that Defendant's claim should be classified as unsecured pursuant to § 506(a) because the value of the Property is less than the amount of the first priority lien.

Ocwen has moved to dismiss the complaint for failure to state a claim upon which relief can be granted, for judgment on the pleadings or in the alternative summary judgment on the basis that because they never filed a proof of claim they are not an "allowed secured claim" and can't be valued under 11 U.S.C. § 506(a) and that therefore the Plaintiffs may not avoid their mortgage lien and treat the underlying claim as unsecured. It is respectfully submitted that even in the absence of a proof of claim Ocwen has an "allowed secured claim" as those terms are defined by the Bankruptcy Code and applicable case law.

## II. ARGUMENT

### POINT I

<u>LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT TO 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>

Fed. R. Civ. P. 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." The pleading standard announced by Rule 8 does not require detailed factual allegations; however, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citations omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007) (internal citation omitted).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing <u>Twombly</u>, 550 U.S. at 556). "The plausibility standard is not akin to a `probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See <u>Phillips v. Cnty. Of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers `labels and conclusions' or `a formulaic recitation of the elements of a cause of action will not do." <u>Iqbal,</u> 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

It is respectfully submitted that when each allegation in the complaint is accepted as true and all reasonable inferences are drawn in favor of the Plaintiffs, there certainly exist facts that are sufficient to show that the Plaintiffs have a plausible claim for relief under the Bankruptcy Code. Plaintiff's Complaint has successfully pleaded causes of action for which relief is offered. Plaintiff alleges that the value of their home is $477,000 and the first mortgage lien against the home is $486,846.56   Therefore pursuant to the Second Circuit's reasoning in in re Pond, the Complaint's allegations meet the Twombly standard and are sufficient to give Ocwen fair notice of what the claims are and the grounds upon which they rest. Therefore, Defendant's Motion for Dismissal should be denied in its entirety.

Point II

## LEGAL STANDARD FOR A MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

In ruling on a Rule 12(c) motion, "the Court must accept as true all of the non-movant's well pleaded factual allegations, and draw all reasonable inferences in favor of the non-movant." Mennella v. Office of Court Admin., 938 F. Supp. 128, 131 (E.D.N.Y. 1996), aff'd, 164 F.3d 618 (2d Cir. 1998). Exhibits attached to the complaint may be considered in deciding a Rule 12(c) motion. See Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). It is the movant's burden "to show the absence of any material issue appearing genuinely to be in dispute." Falls Riverway Realty, Inc. v. City of Niagara Falls, N.Y., 754 F.2d 49, 54 (2d Cir. 1985) (citing Adickes v. S.H. Kress Co., 398 U.S. 144, 157 (1970)).

If a defendant succeeds on a motion for judgment on the pleadings, he is "entitled to a judgment as a matter of law." Juster Assocs. v. City of Rutland, Vt., 901 F.2d 266, 269 (2d Cir. 1990). However, a court should not dismiss a complaint pursuant to a Rule 12(c) motion "unless

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957) (discussing Rule 12(b)(6)); George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977) (applying Conley standard to Rule 12(c)). The court is "not bound to accept as true legal conclusions couched as factual allegations." LaFaro v. N. Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 476–77 (2d Cir. 2009). Accordingly, "[t]o survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

It is respectfully submitted that when each allegation in the complaint is accepted as true and all reasonable inferences are drawn in favor of the Plaintiffs, there certainly exists allegations pleaded in the complaint to show that the Plaintiff has a plausible claim for relief under the Bankruptcy Code. Plaintiff's Complaint has successfully pleaded causes of action for which relief is offered.

**Point III**

LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

PURSUANT TO RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE

A Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. BANKR. P. 7056(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "If, as

to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper."

**POINT IV**

PLAINTIFF'S COMPLAINT STATES A CLAIM FOR RELIEF

It is well settled in the Second Circuit that a Chapter 13 debtor may avoid a wholly unsecured junior mortgage lien and treat the underlying claim as unsecured in a Chapter 13 plan. Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122, 127 (2d Cir. 2001).

Underlying claims are valued as unsecured pursuant to § 506(a) and junior mortgagee's unsecured liens are not entitled to the protections in § 1322(b) or § 1325(a)(5). As one court in this District concluded, consistent with the Second Circuit's holding in Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2d Cir. 2001), "because the junior lien is wholly unsecured under § 506(a), the anti-modification prohibition of § 1322(b)(2) does not apply, and the treatment provisions of § 1325(a)(5) applicable to secured claims do not apply." In Re Miller 462 B.R. 421, at 434.

Bankruptcy Code § 506(a) provides the framework to determine whether an allowed claim under § 502 should be classified as secured. The first step in answering this question is to value the claim under § 506(a). Valuation is significant because it determines the classification of the claim in the bankruptcy case. Outside of bankruptcy, the holder of a valid security interest may be considered a secured creditor regardless of whether the collateral has sufficient value to secure a portion of the creditor's lien. "However, in bankruptcy, a creditor is only a secured

creditor if its claim is so classified. If the claim is not so classified, the once-secured creditor will have an unsecured claim and will thus be an unsecured creditor for purposes of the bankruptcy case." In re Okosisi, 451 B.R. at 93.

§ 506(a)(1) states:

> [A]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such        property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. 11 U.S.C. § 506(a)(1).

This means that an allowed claim "is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 239 (1989). Viewed another way, § 506(a) provides "a judicial valuation of the collateral to determine the status of the [creditor]'s secured claim." Nobelman, 508 U.S. at 328. See Assocs. Commercial Corp. v. Rash, 520 U.S. 953, 961 (1997) (stating that "[t]he first sentence [of § 506(a)], in its entirety, tells us that . . . the secured portion of [a] claim [is] limited to the value of the collateral").

The question of how to value a junior mortgage lien for purposes of § 506(a) was addressed by the Second Circuit in In re Pond, 252 F.3d at 126-27. The court considered whether the claim of a mortgagee holding a junior lien on the debtor's principal residence was secured pursuant to § 506(a). In re Pond, 252 F.3d at 127. The property was valued at $69,000 and encumbered by four liens, and the total value of the three senior liens was $70,500. In re Pond, 252 F.3d at 123-24. That is, there was no equity in the property to secure the most junior of the liens. The court held that the "defendants' lien in plaintiffs' residential property is not 'secured' under § 506(a) because there is insufficient equity in the property to cover any portion of that lien." In re Pond, 252 F.3d at 127.

8

Applying the Second Circuit's reasoning in In re Pond to this case, the Defendants' claims should be classified as unsecured pursuant to § 506(a) because the value of the Property is less than the amount of the first priority lien. The fair market value of the Property is $477,000, which is less than the value of the claim of $488,000 secured by the first priority lien. "§ 506(a) provides that an allowed claim secured by a lien on the debtor's property 'is a secured claim to the extent of the value of the property'; to the extent the claim exceeds the value of the property, it 'is an unsecured claim.'" Nobelman, 508 U.S. at 328. As a consequence, any liens that are junior to this first priority lien, including the Defendants' liens, are wholly unsecured.

## POINT V

### DEFENDANT HAS AN ALLOWED SECURED CLAIM

Defendant's argument is that because they never filed a proof of claim they are not an "allowed secured claim" and can't be valued under 11 U.S.C. § 506(a). It is respectfully submitted to this Honorable Court that "Allowed Secured Claim" merely describes (1) a claim, which is a "right to payment" or "a right to an equitable remedy" as defined in 11 U.S.C §101(5); (2) that is "allowed", meaning "not objected to by an interested party; and (3) that is "secured."

### A. DEFENDANT HAS A CLAIM

The Bankruptcy Code defines a claim as: (A) right to payment, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an

equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured. §101(5)

A "right to payment" means "nothing more nor less than an enforceable obligation. Pennsylvania Dep't of Public Welfare v. Davenport, 495 U.S. 552, 558 (1990)

The Supreme Court held that "a mortgage interest that survives the discharge of a debtor's personal liability is a 'claim' within the terms of §101(5)" because a mortgage interest is analogous to a right to payment against the property of the debtor. Johnson v. Home State Bank 501 U.S. 78, at 84-85 (1991) The Supreme Court further found:

> [A] court must allow the claim if it is enforceable against either the debtor or his property. Thus, §502(b)(1) contemplates circumstances in which a "claim," like the mortgage lien that passes through a Chapter 7 proceeding, may consist of nothing more than an obligation enforceable against the debtor's property. see Johnson, 501 U.S. at 85.

In the instant case, Ocwen is the holder of a claim under 11 U.S.C §101(5) because they are the holder of a mortgage against the Debtors' property and therefore they "still retain a 'right to payment' in the form of their right to the proceeds from the sale of the debtors' property." see Johnson, 501 U.S. at 84.

Therefore, it is respectfully submitted to this Honorable Court that the Defendant's have a "claim".

### B. DEFENDANT'S CLAIM IS SECURED

The Defendant's in their motion to dismiss in Paragraph 4 state "Ocwen hold a second mortgage lien on Debtors' property pursuant to a Note and Mortgage, dated April 5, 2006 where

the sums were advanced to or for the benefit of the Debtors in the original principal amount of $118,600.

Ocwen has a perfected security interest in the property of the Debtor consisting of the debtors' real property located at 399 Walker Street Staten Island, NY 10303. The defendants have a security interest and lien, which the Supreme Court has described as a "claim" as defined by 11 U.S.C §101(5) of the bankruptcy code, against the Debtors' real property. Plaintiff's are not challenging the substantive validity of either the underlying debt and lien, rather the Plaintiff's are merely trying to avoid the wholly unsecured junior mortgage lien held by Ocwen and treat the underlying claim as unsecured in a Chapter 13 plan

Therefore it is respectfully submitted to this Court that the Defendant's claim is "secured"

### C. DEFENDANT'S CLAIM IS ALLOWED

As previously stated the Defendant's perfected security interest in the property of the Debtor is a "claim" as defined by 11 USC § 101(5). No party in interest has objected to or challenged the substantive validity of the underlying lien.

It is well settled law that if a secured creditor chooses not to file a proof of claim, the creditor will still retain its security interest in the debtor's property. Therefore, a secured creditor's lien is always allowed with or without a proof of claim being filed by or on behalf of the secured creditor. Here Ocwen states in their motion that the lien should still be able to remain against the Debtors' property and therefore be an allowed part of the Chapter 13 case.

It is respectfully submitted that there is an allowed secured claim that is subject to valuation pursuant to 506(a) in Ocwen's valid security interest. The non filing of a claim does not extinguish a valid security interest and that security interest is a claim pursuant to 11 U.S.C §101(5).

Therefore, it is respectfully submitted that Ocwen's lien against the Debtor's property is allowed.

POINT VI

POLICY REASONS

It is respectfully submitted that Defendant's are trying to create a loophole to circumvent what they view as unfavorable Second Circuit case law. Defendant argues that its failure to file a claim should lead to its exemption from the case in total; it should receive no distributions, and its lien should pass through the case unaffected. While this may be a reasonable outcome were Defendant's claim fully, or even partially, secured, logic dictates otherwise in situations such as the one presented to this Honorable Court. In essence, Defendant argues that by refusing to participate in the case, it can allow its lien to survive the bankruptcy unimpaired; that, by sticking its head in the sand, it can pretend the bankruptcy proceeding isn't happening.

If Defendant's argument is to be accepted then every single junior lien holder would simply not file a claim and refuse to participate in a Chapter 13 and debtors across the country would never be able to avoid a wholly unsecured junior mortgage lien and treat the underlying claim as unsecured in a Chapter 13 plan. This Honorable Court should not allow Defendant, and potentially any future junior mortgage lender, an absolute defense for its lien that would render § 506(a) utterly meaningless.

Furthermore, if a Debtor were to try and file a proof of claim on behalf of the junior lien holder the information required by Federal Rule of Bankruptcy Procedure Rule 3001 to properly file a secured claim for a security interest claim in property that is the debtor's principal residence would be unknown or unavailable to the Debtor or the Debtor's attorney. Specifically, Federal Rule of Bankruptcy Procedure Rule 3001(c) (2) requires:

(A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

(B) If a security interest is claimed in the debtor's property, a statement of the amount necessary to cure any default as of the date of the petition shall be filed with the proof of claim.

(C) If a security interest is claimed in property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim. If an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed and in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.

The very banks that would refuse to participate in the Chapter 13 would be the only entities with the information necessary to properly file a proof of claim pursuant to the Federal Rules of Bankruptcy Procedure.

Given the relatively paltry distribution to general unsecured creditors offered in many bankruptcy proceedings, most secured creditors would opt to sit on their lien, an option no longer afforded to them when the debtor has taken an affirmative action to prevent them from doing so. Therefore, Defendant's motion to dismiss should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs, respectfully requests that the Motion to

Dismiss under Fed.R.Civ.P. 12(b)(6), 12(c) or in the alternative for Summary Judgment pursuant to Fed.R.Civ.P 56 filed by Defendant, Ocwen Loan Servicing, LLC d/b/a City National Bank be denied.

Dated:  New York, NY
        October 8, 2014

    Law Offices of Gus Michael Farinella PC
    Attorneys for the Debtors


      /s/ Gus Michael Farinella
By: _____
    Gus Michael Farinella
    110 Jericho Turnpike
    Suite 100
    Floral Park, NY 11001
    (516) 326-2333